Fred A. Dickinson, J.
Petitioner, a returned parole violator, waived his rights to a parole revocation hearing and on February 24, 1976 had his conditional release revoked. On March 30, 1976 petitioner was granted a parole release hearing held at the Ossining Correctional Facility. At this hearing he was denied parole and later furnished with reasons for parole denial which stated as follows:
"You are denied parole for the following reasons:
"1. It is the feelings of this panel of the Parole Board that the best kind of treatment for you would be for you to remain in the institution where you can gain some help for your emotional and physical problems.”
Petitioner contends that the reasons for parole denial are improper and therefore the detention of petitioner is illegal. The statutory standard for parole release contained in section 213 of the Correction Law is that the Board of Parole be "of the opinion that there is reasonable probability that, if such prisoner is released, he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society”.
It is quite difficult to see how the reasons given petitioner herein justify the conclusion that the petitioner would not live and remain at liberty without violating the law or that release would be incompatible with the welfare of society.
There is in the mind of this Justice therefore no question that the reasons for parole denial were impermissible ones. This matter could be sent back to respondents for a further parole hearing or for an opportunity to give petitioner new reasons but for the court to send it back until it is done correctly would not serve in the interest of the petitioner herein.
Respondents were not charged with the duty of determining what would be the best kind of treatment for petitioner’s emotional and physical problems. Having exceeded the mandate of section 213 of the Correction Law, the court finds that petitioner’s present detention is illegal and it is hereby ordered that he be restored to immediate parole status.